UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID T. CHUBBUCK

Plaintiff,

v.

JERRY BROWN, et al.,

Defendants.

No. 2:19-cv-2608 KJM CKD P

ORDER

Plaintiff, a state prisoner, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a motion to proceed in forma pauperis that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Plaintiff's Complaint

Plaintiff names Jerry Brown and Gavin Newson, the former Governor and current Governor of the State of California respectively; as well as Scott Kernan, the former Secretary of the CDCR; and Robert W. Fox and J.D. Lozano, the former wardens of California Medical Facility as defendants in this action. (ECF No. 1 at 8.) He sues each defendant in their official and individual capacities. (Id. at 9.) Plaintiff contends that defendants violated his federal constitutional rights by enacting and enforcing Proposition 57, and then promulgating regulations that exclude all nonviolent three strike offenders from early parole. (Id. at 8.)

Plaintiff alleges he qualifies for early parole consideration pursuant to Proposition 57 because he was convicted of a nonviolent offense and completed the full term of his primary offense. (Id. at 8.) By not allowing him parole, plaintiff alleges defendants have violated his right to due process and the right to be free from excessive incarceration. (Id. at 8-9.)

Plaintiff purports to assert claims on behalf of himself, as well as individuals: Daniel Baker, Eric Curtis, Roosevelt Cathey. (Id. at 7.) Plaintiff seeks declaratory relief, injunctive relief, and compensatory and punitive damages. (Id. at 6, 11.)

IV. Failure to State a Claim

A. Filing on Behalf of Other Inmates

Plaintiff purports to bring this action on behalf of himself, Daniel Baker, Eric Curtis, and Roosevelt Cathey. (See ECF No. 1 at 6.) "[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Accordingly, plaintiff's allegations regarding other inmates are not cognizable. This action must therefore be construed as an individual civil suit brought by plaintiff alone. See C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir.1987) (non-attorney has a right to appear pro se on his own behalf, but "has no authority to appear as an attorney for others"); see also, Starr v. Reisig, No. 2:12-CV-2284 KJM AC, 2013 WL 708703, at *2 (E.D. Cal. Feb. 26, 2013), report and recommendation adopted, No. 2:12-CV-2284 KJM AC, 2013 WL 3863907 (E.D. Cal. July 24, 2013).

B. Proposition 57

Proposition 57 added Article 1, Section 32 to the California Constitution. It states in relevant part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1), (a)(1)(A).

The only issue plaintiff appears to raise is whether defendants have properly applied California Proposition 57 to plaintiff's case.[1,2] Accordingly, plaintiff's claim is not cognizable under § 1983 because it only asserts a violation of state law. Section 1983 remedies violations of the Constitution, law or treaties of the United States. Swarthout v. Cooke, 562 U.S. 216, 222 (2011). Although plaintiff appears to allege a constitutional injury, any alleged constitutional claim is merely based on an alleged violation or misinterpretation of state law. ECF No. 1 at 8-9. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). State courts "are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). Other courts in this district have held similarly when confronted with section 1983 claims invoking Proposition 57. See, e.g., Eakins v. Diaz, No. 2:19-cv-2013-WBS-EFB P, 2020 WL 1952671, at *2 (E.D. Cal. Apr. 23, 2020); Herrera v. California State Superior Courts, No. 1:17-cv-386 AWI

[1] Plaintiff appears to assert that defendants violated his federal constitutional rights by promulgating regulations that exclude *all* nonviolent three strike offenders from early parole. However, he does not provide anything other than this cursory statement to support his allegation. Moreover, it appears that any allegation that defendants promulgated regulations, which is unclear and unsupported, is made in an attempt to state that defendants did not properly apply Proposition 57 to plaintiff's case. (See ECF No. 1 at 8-9.)

[2] While it appears from the attachments to the complaint that plaintiff filed inmate appeal forms requesting his release pursuant to Proposition 57, (ECF No. 1 at 13-14), plaintiff has not included any supporting facts on how or why he has been denied parole. He has not included whether he has pursued relief such as: requesting eligibility by the Board of Parole Hearings pursuant to emergency regulations Cal. Code Regs. Tit. 15 §§ 3495-95; requesting an expedited parole suitability hearing under Cal. Penal Code § 3041.5(d)(1); or filing a petition to recall his sentence in the Superior Court under Cal. Penal Code § 1170.126.

BAM, 2018 WL 400320, at *4, 208 U.S. Dist. LEXIS 6113, at *8-9 (E.D. Cal. Jan. 12, 2018); Hernandez v. Diaz, No. 2:18-cv-3265 AC P, 2019 WL 1532278, at *3, 2019 U.S. Dist. LEXIS 60935, at *7-11 (E.D. Cal. April 8, 2019).

The court will offer plaintiff one opportunity to amend his complaint in order to state a cognizable federal claim (if he can).

C. Plain Language Summary for Pro Se Plaintiff

First, the undersigned construes this lawsuit as an individual suit. As a pro se litigant, you are unable to represent other individuals, so any attempt to bring claims on behalf of others cannot proceed. Second, your claim that you have not been afforded parole pursuant to Proposition 57 is based on an alleged violation of state law. Accordingly, your complaint cannot proceed in federal court. However, you will be provided with one opportunity to amend your complaint.

V. Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." See 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff is warned that he may not bring multiple, unrelated claims against more than one defendant. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he change the nature of this suit by alleging new, unrelated claims. See George, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, (ECF No. 1), fails to state a claim upon which relief may be granted.

4. Within thirty days after the filing date of this order, plaintiff may file a proposed First Amended Complaint, subject to the legal standards set forth in this order.

5. Plaintiff's failure to timely file a First Amended Complaint will result in the dismissal of this action without prejudice.

6. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

Dated: August 18, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

18:chub2608.screen.f&r