UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID T. CHUBBUCK,<br><br>Plaintiff,<br><br>v.<br><br>JERRY BROWN, et al.,<br><br>Defendants. | No. 2:19-cv-2608 KJM CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a first amended complaint.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona,

1

1  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute
2  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490
3  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,
4  has an arguable legal and factual basis.  Id.

5      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  However, in order to survive dismissal for failure to state a claim, a complaint must contain more
10 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
11 allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations
12 omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that
13 merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)
14 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
15 ed. 2004)).

16     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
17 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
18 Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint
21 under this standard, the court must accept as true the allegations of the complaint in question,
22 Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
23 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
24 McKeithen, 395 U.S. 411, 421 (1969).

25     II.    <u>First Amended Complaint</u>
26     The first amended complaint alleges that defendants Newsom, Cueva, and Allison
27 conspired to violate plaintiff's rights by denying him parole consideration and release on parole in
28 accordance with Proposition 57.  (ECF No. 14 at 3-4.)  He asserts that as a result of

unconstitutional regulations, the California Department of Corrections and Rehabilitation has subjected him to excessive incarceration and he seeks immediate release from custody as well as compensatory and punitive damages. (Id. at 4-7.)

### A. Proposition 57

Proposition 57 added Article 1, Section 32 to the California Constitution and states in relevant part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1), (a)(1)(A).

In screening the original complaint, the court wrote that

> [t]he only issue plaintiff appears to raise is whether defendants have properly applied California Proposition 57 to plaintiff's case. Accordingly, plaintiff's claim is not cognizable under § 1983 because it only asserts a violation of state law. Section 1983 remedies violations of the Constitution, law or treaties of the United States. Swarthout v. Cooke, 562 U.S. 216, 222 (2011). Although plaintiff appears to allege a constitutional injury, any alleged constitutional claim is merely based on an alleged violation or misinterpretation of state law. ECF No. 1 at 8-9. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). State courts "are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). Other courts in this district have held similarly when confronted with section 1983 claims invoking Proposition 57. See, e.g., Eakins v. Diaz, No. 2:19-cv-2013-WBS-EFB P, 2020 WL 1952671, at *2 (E.D. Cal. Apr. 23, 2020); Herrera v. California State Superior Courts, No. 1:17-cv-386 AWI BAM, 2018 WL 400320, at *4, 208 U.S. Dist. LEXIS 6113, at *8-9 (E.D. Cal. Jan. 12, 2018); Hernandez v. Diaz, No. 2:18-cv-3265 AC P, 2019 WL 1532278, at *3, 2019 U.S. Dist. LEXIS 60935, at *7-11 (E.D. Cal. April 8, 2019).

ECF No. 9 at 4-5 (footnotes omitted).

The amended complaint appears to once again allege that Proposition 57 is being improperly applied through unconstitutional regulations. However, as in the original complaint, plaintiff has alleged no more than a violation or misinterpretation of state law, which is not cognizable. Plaintiff has not added any additional facts that would make his claim cognizable.

3

B.    Scope of § 1983

To the extent it appears that plaintiff may also be attempting to challenge the constitutionality of his continued incarceration and not just whether he has been improperly denied parole consideration, state prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Here, plaintiff alleges that his continued incarceration is unconstitutional because he is being imprisoned in excess of the statutory limits and he seeks immediate release from prison. ECF No. 14 at 3-4, 7. Accordingly, this claim lies directly within the core of habeas corpus because plaintiff is challenging the validity of his continued confinement and a favorable determination would result in his speedier release. These allegations fail to state cognizable claims for relief under § 1983 and must be dismissed.

C.    Heck Bar

A claim to recover monetary damages is not cognizable under § 1983 if success on the claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). In order to recover damages, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus." Id. at 486-87.

Plaintiff shows no evidence that his underlying conviction has been reversed, expunged, invalidated, or impugned by a writ of habeas corpus, and his continued incarceration indicates that his conviction still stands. Since a favorable damages award in this case necessarily implies the invalidity of plaintiff's continued confinement, his claim for monetary damages based on finding that he is being improperly incarcerated is not cognizable under § 1983.

////

1     III.    No Leave to Amend

2          Leave to amend should be granted if it appears possible that the defects in the complaint

3     could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

4     (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se

5     litigant must be given leave to amend his or her complaint, and some notice of its deficiencies,

6     unless it is absolutely clear that the deficiencies of the complaint could not be cured by

7     amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after

8     careful consideration, it is clear that a complaint cannot be cured by amendment, the court may

9     dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

10         The undersigned finds that, as set forth above, the first amended complaint fails to state a

11    claim upon which relief may be granted.  Despite being given an opportunity to amend the

12    complaint, plaintiff has not added any additional facts to address the deficiencies in the original

13    complaint.  The court therefore concludes that plaintiff has no further facts to allege and is

14    convinced that further opportunities to amend would be futile.

15    IV.    Plain Language Summary of this Order for a Pro Se Litigant

16         A recommendation is being made to dismiss your complaint without leave to amend

17    because your allegations do not state any claims for relief.  It is being recommended that the

18    complaint be dismissed without leave to amend because the first amended complaint does not add

19    any new facts to the original complaint and so it appears that you do not have any additional facts

20    to add.

21         Accordingly, IT IS HEREBY RECOMMENDED that the first amended complaint be

22    dismissed without leave to amend.

23         These findings and recommendations are submitted to the United States District Judge

24    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25    after being served with these findings and recommendations, plaintiff may file written objections

26    with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

27    ////

28    ////

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 4, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:chub2608.dismiss.f&r